

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# USA v. Wogan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2675

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wogan" (2007). *2007 Decisions*. Paper 1215.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1215

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.:  06-2675

UNITED STATES OF AMERICA

v.

FRED WOGAN,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.:  1:04-CR-00252
District Judge:  The Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 13, 2007

Before:  SMITH and COWEN, *Circuit Judges*,
and YOHN, *District Judge\**

(Filed: April 25, 2007)

_____

OPINION
_____

_____

        *The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

YOHN, *District Judge*.

Fred Wogan admitted to violating the conditions of his supervised release. As a result, the District Court revoked his supervised release and sentenced him to twelve months of imprisonment. Wogan appeals the judgment of sentence. For the reasons that follow, we will affirm.

Wogan was originally sentenced on June 28, 2005 to twelve months of imprisonment followed by twelve months of supervised release for bank larceny in violation of 18 U.S.C. § 2113(b). Shortly after Wogan began his supervised release, the Probation Office filed a petition for revocation of supervised release. The petition charged Wogan with violating the terms of his supervised release by testing positive for marijuana, failing to report to his probation officer as directed, failing to participate in a drug testing and treatment program, and failing to participate in a mental health evaluation and treatment program.

The District Court held a hearing on May 3, 2006, at which Wogan–represented by counsel–admitted to violating the terms of his supervised release as charged in the petition. Wogan's counsel conceded that Wogan, in addition to having a long criminal history, had "basically failed to follow every rule that was imposed upon him" (Hr'g Tr. 15:8-19); however, he urged the District Court to consider Wogan's history of mental illness–including diagnoses of bipolar disorder and depression–and impose a sentence at the lower end of the range suggested for violations of supervised release in the policy statement included as part of the Sentencing Guidelines. This range suggested a term of

imprisonment from eight to twelve months. The government argued that a sentence at the higher end of the range was more appropriate in light of Wogan's extensive criminal history–including multiple prior convictions and violations of supervised release–and the fact that he tested positive for marijuana within only three days of starting supervised release. In addition, the government noted that the Probation Office had made numerous attempts to assist Wogan in acquiring treatment for his mental conditions, which were spurned.

After hearing the parties' arguments, the District Court revoked Wogan's supervised release and sentenced him to twelve months of imprisonment. In reaching its judgment, the District Court stated that it had "considered the policy statements in Chapter 7 of the [S]entencing Guidelines, as well as the factors listed in [18 U.S.C. § 3553]." (Hr'g Tr. 22:16-21.) Further, the District Court stated:

> With respect to the statement of reasons, it is unfortunate in the manner in which Mr. Wogan has presented himself, but he has demonstrated substantial disregard for the conditions of supervised release imposed by the court. He has had continuous involvement with the criminal justice system, and it appears his prior sentences of imprisonment and supervision have had no deterrent effect.
>
> This is Mr. Wogan's third time of federal supervision, and in each prior term his supervised release was revoked. His present supervision noncompliance is considered incompatible with the interests of the community and continued supervision. The suggested sentence is believed necessary to sanction Mr. Wogan and deter others, protect the community, and to promote respect for the law.

(Hr'g Tr. 23:14-24:6.) The parties raised no objections after the District Court articulated

3

its judgment and reasoning. Wogan's counsel only requested that the District Court issue a recommendation for Wogan to be confined at a federal medical facility, which the District Court granted. The judgment of sentence was entered on May 8, 2006, and Wogan timely appealed. On appeal, Wogan essentially argues that the judgment of sentence is plainly unreasonable[1] because the District Court considered factors not set forth in 18 U.S.C. § 3583(e).

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because it is a final decision of the District Court, and pursuant to 18 U.S.C. § 3742(a)(1) for sentences imposed in violation of the law. *See United States v. Cooper*, 437 F.3d 324, 326-28 (3d Cir. 2006). After *United States v. Booker*, 534 U.S. 220 (2005), we review sentences imposed for violations of probation or supervised release for reasonableness. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) ("The dust has settled, post-*Booker*, and it is now well understood that an appellate court reviews a sentence for reasonableness . . . . We see no reason why that standard should not apply to a sentence imposed upon a revocation of supervised release, and so we hold.").

However, where an appellant fails to raise an issue below, we will review for plain error. Under the plain error standard of review, an appellant must demonstrate a plain

---

[1]The parties submitted their briefs prior to our recent decision in *United States v. Bungar*, 478 F.3d 540 (3d Cir. 2007), wherein we held that the reasonableness standard–not the plainly unreasonable standard–applies to a sentence imposed upon a revocation of supervised release. 478 F.3d at 542 (citing *United States v. Booker*, 543 U.S. 220, 261-62 (2005) and *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006)). Thus, we will read the parties' references to the plainly unreasonable standard as presenting arguments under the reasonableness standard.

error exists that affects his or her substantial rights in a prejudicial manner. *United States v. King*, 454 F.3d 187, 193 (3d Cir. 2006) (citing *United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998)). Even when an appellant satisfies this burden, we will "exercise our discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of the judicial proceedings.'" *United States v. Adams*, 252 F.3d 276, 285 (3d Cir. 2001) (quoting *United States v. Olano*, 507 U.S. 725, 735-36 (1993)).

Wogan claims that his sentence is unreasonable because: (1) the District Court considered the need for the sentence imposed "to promote respect for the law," and (2) a sentence of eight months would have been "sufficient, but not greater than necessary" to accomplish the goals of sentencing. Notably, Wogan's brief lacks citation to any case law in support of either claim, and proffers no argument with regard to the latter claim.

The government asserts that we should review for plain error because the issues on appeal were not raised below. In response to Wogan's first claim, the government concedes that the District Court considered the need for the sentence imposed "to promote respect for the law"–a consideration not found in § 3583(e).[2] However, the government–noting that the District Court considered every appropriate § 3553(a) factor pursuant to § 3583(e)–argues that the District Court's mere additional consideration of the need to promote respect for the law does not constitute plain error nor does it make

---

[2]When revoking supervised release, § 3583(e) directs the court to consider "the factors set forth in [§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." § 3583(e). It does not direct a court to consider § 3553(a)(2)(A)–the need for the sentence "to reflect the seriousness of the offense, *to promote respect for the law*, and to provide just punishment for the offense." § 3553(a)(2)(A) (emphasis added).

Wogan's sentence unreasonable. In response to Wogan's second claim, the government contends that the District Court articulated justifiable reasons for imposing a sentence of twelve months of imprisonment.

Because we find that the issues now presented to us were not raised below, we will review both for plain error. With regard to Wogan's first claim, we recognize that the need to promote respect for the law is not a § 3553(a) factor found in § 3583(e). *See supra* note 2. However, we are unable to conclude that a District Court errs per se by considering the need to promote respect for the law, particularly when it considers all of the proper § 3553(a) factors as directed by § 3583(e). *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (stating that "the difference between sanctioning a supervised release violator for breach of trust and punishing him in order to promote respect for the law is subtle indeed. We do not suggest that a mere reference to promoting respect for the law would in itself render a sentence unreasonable"). Further, even if we were to assume that the District Court erred by referencing the need to promote respect for the law, Wogan has not satisfied his burden of demonstrating that his substantial rights were prejudiced by that error. The District Court articulated justifiable reasons for imposing a sentence at the high end of the range suggested by the Guidelines, including Wogan's criminal history, his repeated disregard for the terms of his supervised release, the need to deter others, and the need to protect the community. Thus, we conclude that the District Court did not plainly err by making reference to the need to promote respect for the law.

6

Likewise, we reject Wogan's assertion that his sentence is unreasonable because a sentence of eight months, not twelve months, of imprisonment would have been "sufficient, but not greater than necessary" to promote the purposes of sentencing. As stated above, we will review for plain error. Wogan proffers no argument in support of his second claim. Read liberally, the brief at most contends that the sentence was harsh in light of Wogan's history of mental illness. However, the District Court considered Wogan's history of mental illness in reaching its sentence. Prior to the District Court's consideration of the relevant § 3553(a) factors, the government specifically reminded the court of the Probation Office's numerous attempts to assist Wogan in acquiring mental health treatment. In addition, the government noted that Wogan's rejection of those attempts while on supervised release demonstrated that the treatment he required could only be provided in a structured environment of confinement. (Hr'g Tr. 22:1-13.) Thus, after sentencing Wogan to twelve months of imprisonment, the District Court granted his counsel's request for the court to recommend that Wogan be confined in a federal medical facility. As such, Wogan's second claim must also fail.

We conclude that the District Court did not commit plain error in sentencing Wogan to twelve months of imprisonment as a result of his violations of supervised release. Accordingly, we will affirm the District Court's judgment of sentence.